10-5055-cr
United States v. Cuthbert

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand twelve.

PRESENT:   JOHN M. WALKER, JR.,
                      GERARD E. LYNCH,
                      CHRISTOPHER F. DRONEY,
                                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                                        *Appellee*,

                    v.                                                      No. 10-5055-cr

PEARCE CUTHBERT,
                                        *Defendant-Appellant.*

_____

FOR APPELLANT:          ALAN M. NELSON, Lake Success, New York.

FOR APPELLEE:            JASON P. HERNANDEZ, Assistant United States Attorney
                                   (Iris Lan, *on the brief*), *for* Preet Bharara, United States
                                   Attorney for the Southern District of New York, New York,
                                   New York.

Appeal from the United States District Court for the Southern District of New York

(Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Pearce Cuthbert appeals from a November 22, 2010, judgment of conviction, entered following a bench trial on stipulated facts, for unlawfully possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Cuthbert argues that the district court erred by denying his motion to suppress the contents of the brown bag that he discarded while fleeing police officers after what he describes as an unlawful seizure. The bag contained 36 rounds of ammunition and a loaded magazine for a handgun. In addition, Cuthbert argues that his sentence – 30 months' imprisonment, three years' supervised release, and a $100 mandatory special assessment – was substantively unreasonable and thus requires resentencing.

Neither argument has merit. Cuthbert was not "seized" for purposes of the Fourth Amendment when the police officers initially asked him to stop. No Fourth Amendment seizure occurred until the officers pulled Cuthbert from the fence over which he was attempting to climb. Before that point, no "physical force" had been used against Cuthbert, nor had he "submi[tted] to the assertion of authority." See California v. Hodari D., 499 U.S. 621, 626 (1991) (emphasis omitted).

Our Court has "understood the import of Hodari D. to be that 'an order to stop must be obeyed or enforced physically to constitute a seizure.'" United States v. Baldwin, 496 F.3d 215, 218 (2d Cir. 2007), quoting United States v. Swindle, 407 F.3d 562, 572 (2d Cir. 2005). "[T]o comply with an order to stop – and thus to become seized – a suspect must do

2

more than halt temporarily; he must submit to police authority, for there is no seizure without actual submission." Baldwin, 496 F.3d at 218 (internal quotation marks omitted). By momentarily pausing and glancing at the police officers for "a second or two" before continuing to walk away and then taking flight, Cuthbert plainly did not obey the officers' order to stop or submit himself to their authority. Cuthbert's seizure argument is therefore unavailing.

The parties also debate whether Cuthbert's eventual arrest after the chase was supported by probable cause. But that issue is immaterial. No evidence was seized from Cuthbert's person at the time of his arrest, and no incriminating statement resulted. He was convicted on the basis of the contents of the bag that he threw during the chase. Thus, even though the officers seized the bag after subduing and arresting Cuthbert, the district court properly ruled that the bag was seized as abandoned property, not as the fruit of a search incident to arrest.

Finally, Cuthbert argues that 30 months' imprisonment is an unreasonably long sentence, despite its being seven months below the Guidelines range, because "the court failed to adequately consider appellant's extensive efforts at rehabilitation," which, "combined with his pro-active substantial assistance to the government," Cuthbert contends, "demonstrated a significant basis for the [district court] to find that [Cuthbert's] change in lifestyle greatly diminished the likelihood of recidivism." The district court carefully considered these factors in calculating Cuthbert's sentence. That the court did not weigh them as heavily in Cuthbert's favor as he would have liked does not make the sentence

3

substantively unreasonable, nor does it transform this case into one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). On the contrary, we have no trouble concluding that Cuthbert's sentence was substantively reasonable.

We have considered Cuthbert's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court

4